UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALLISON LENDING LLC,

      Plaintiff,      ANSWER TO COMPLAINT

   -against-

              DKT NO. 7:24-cv-07956-PMH

CROTON DEVELOPMENT LLC,
VASEL BALBONA
      Defendant.
-------------------------------------------------------------------X

Defendants Croton Development LLC ("Croton") and Vasel Balbona ("Balbona"), collectively

"defendants," by counsel, Paul A. Rachmuth, for their Answer to Complaint, allege as follows:

### Preliminary Statement

To the extent that the titles and headings inserted by Plaintiffs at various points in the

Complaint are intended to be allegations against this Defendant, they are, unless specifically

admitted, denied.  To the extent that any allegations are not specifically admitted, they are

denied.

1.  Paragraph 1 contains no allegation to which a response is required.  To the extent a response

is required, paragraph 1 is denied.

2.  Defendants deny knowledge or information sufficient to form a belief of allegations

contained in paragraph 2 and therefore deny same.

3.  Croton admits paragraph 3.  Balbona denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 3 and therefore deny same.

4.  Balbona admits paragraph 4.  Croton denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 4 and therefore denies same.

5.  Defendants deny knowledge or information sufficient to form a belief of allegations

contained in paragraph 5 and therefore denies same.

6. Defendants deny knowledge or information sufficient to form a belief of allegations contained in paragraph 6 and therefore deny same.

7. Defendants deny knowledge or information sufficient to form a belief of allegations contained in paragraph 7 and therefore deny same.

8. Paragraph 8 contains no allegation to which a response is required. To the extent a response is required, paragraph 8 is denied.

9. Paragraph 9 refers to a document that is annexed to the Complaint and which speaks for itself, and to which the Court is respectfully referred. To the extent a response is required, paragraph 9 is denied.

10. Paragraph 10 refers to a document that is annexed to the Complaint and which speaks for itself, and to which the Court is respectfully referred. To the extent a response is required, paragraph 10 is denied.

11. Defendants deny knowledge or information sufficient to form a belief of allegations contained in paragraph 11 and therefore deny same.

12. Defendants deny knowledge or information sufficient to form a belief of allegations contained in paragraph 12 and therefore deny same.

13. Paragraph 13 is denied.

14. Paragraph 14 refers to a document that speaks for itself, and to which the Court is respectfully referred. To the extent a response is required, paragraph 14 is denied. Defendants further aver that plaintiff's alleged default notice is moot pursuant to Croton's cure of the alleged default by payment to plaintiff.

15. Paragraph 15 is denied.

16. Defendants deny knowledge or information sufficient to form a belief of allegations contained in paragraph 16 and therefore deny same.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Defendants deny knowledge or information sufficient to form a belief of allegations contained in paragraph 21 and therefore deny same.

As to Plaintiff's Prayer for Relief

Plaintiff's Prayer for Relief is denied in its entirety.

Affirmative Defenses

1. The complaint fails to state a cause of action upon which relief may be granted.

2. The complaint should be dismissed on the basis of accord and satisfaction

3. Plaintiff is barred from any recovery due to its inequitable conduct, behavior and/or unclean hands.

4. The action should be dismissed based on insufficiency of service and insufficiency of service of process.

5. Plaintiff is barred from any recovery due to its failure to satisfy conditions precedent in the promissory note and security instrument.

6. Plaintiff's claims must be dismissed by virtue of equitable estoppel.

7. Plaintiff's claims must be dismissed due to plaintiff's failure to comply with conditions precedent required by New York state and federal law to filing suit in foreclosure actions.

8. Plaintiff's claims are barred by Plaintiff's bad faith.

9.  Plaintiff has failed to take part in a mortgage modification process and are therefore barred from equitable relief.

10. Plaintiff has failed to comply with sections 1304 and 1306 of the Real Property Actions and Proceedings Law.

WHEREFORE Defendant respectfully demand judgment as follows:

1.  A dismissal of the Plaintiff's complaint in its entirety;

2.  Denying of all of Plaintiff's request for relief;

3.  For such other and further relief as to the Court may seem equitable and just.

Dated: Rockville Centre, New York
      April 23, 2025

Paul A. Rachmuth
265 Sunrise Highway Suite 1515
Rockville Centre, NY 11570
(516) 330-0170

Attorney for Defendants

4