UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALLISON LENDING LLC,                        7:24-cv-07956-PMH
                    Plaintiff,

                                                                          JUDGMENT OF
                -against-                                 FORECLOSURE
                                                                          AND SALE

CROTON DEVELOPMENT LLC,
VASEL BALBONA,
                    Defendant(s).
-------------------------------------------------------X

On the Summons in a Civil Action (the "Summons") and Verified Complaint (the "Complaint") filed herein on October 18, 2024; on the Notice of Pendency filed in the Westchester County Clerk's Office; and upon Plaintiff Allison Lending LLC's Motion for a Judgment of Foreclosure and Sale, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

NOW, upon the Affirmation in Support of Order to Show Cause for a Default Judgment of Foreclosure and Sale of Law of Alan H. Weinreb, Esq., dated March 19, 2025; and on the Affirmation of Amounts Due to Plaintiff of Joseph DeRuscio, sworn to on March 17, 2025;

The Court finds that the total amount due under the Note and Mortgage as of March 17, 2025, is $296,606.62, inclusive of principal, interest, taxes, assessments, and other charges permitted by the Mortgage, as outlined in Plaintiff's submissions.

ORDERED, that post-judgment interest shall accrue at the default rate of twenty-four percent (24%) per annum, or the maximum amount allowed by law, as set forth in the Loan Documents, until the judgment is satisfied in full.

**IT IS ORDERED AND ADJUDGED**, that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto be sold pursuant to this Judgment.

Together with all right, title, and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to any state of facts that an accurate survey may show; easements, covenants, restrictions, or reservations of record, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town, or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held outside the front door of the White Plains Courthouse of the Southern District of New York, located at 300 Quarropas Street, White Plains, NY 10601 by and under the direction of Carl Finger, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in the Journal News newspaper designated for such publication; and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon. Said Referee or his/her duly appointed designee shall execute to the purchaser or purchasers on such a sale a deed of the premises sold, and in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale.

**ORDERED** that said Referee or his/her duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository:

1st     The sum of $750.00 to said Referee for his/her fees herein.

**2nd** The expenses of the sale and the advertising expenses, as shown on the bills presented to said Referee and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

**3rd** The remaining proceeds shall be applied to amounts due under the Note and Mortgage, which total is $296,606.62 as of March 17, 2025, as outlined in Plaintiff's submissions, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates, and sewer rents, with interest and penalties accrued thereon as allowed by the Note and Mortgage, or so much thereof as the proceeds of the sale will pay.

**4th** Any surplus proceeds remaining after the payments specified above shall be deposited with the Clerk of the Court within five (5) days of ascertainment, to be withdrawn only upon the order of this Court.

**IT IS FURTHER ORDERED** that if the proceeds of the sale are insufficient to fully satisfy the amounts due under the Note and Mortgage, the Referee shall note the shortfall in his/her report of sale. Plaintiff may seek a deficiency judgment by filing a motion pursuant to RPAPL §1371 within the statutory time frame, and the Court will determine the amount of any deficiency upon such motion.

**ORDERED AND ADJUDGED**, that said Referee or his/her duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his/her report of sale. That said Referee or his/her duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

Said Referee or his/her duly appointed designee shall make his/her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests, and costs as aforesaid, said Referee or his/her duly appointed designee shall specify the amount of such deficiency in his/her report of sale, the Plaintiff shall recover from Defendants the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof.

ORDERED AND ADJUDGED, that the purchaser at said sale be let into possession on production of the said Referee or his/her duly appointed designee's deed; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to the conditions outlined above. Said premises commonly known as 280 Croton Avenue, Cortlandt Manor, NY 10567. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: White Plains, New York

      June 16, 2025

                        SO ORDERED:

                        _____
                        The Honorable Philip M. Halpern
                        United States District Court Judge

# SCHEDULE A

Section 34.19 Block 1 and Lot 1

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Cortlandt, County of Westchester and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Croton Avenue, distant along the same, North 85 degrees 17 minutes East, 87.88 feet; North 82 degrees 57 minutes East, 93.13 feet; North 79 degrees 44 minutes East, 298.13 feet and North 86 degrees 12 minutes East, 32.63 feet from lands now or formerly of Berstein Krause, Inc. to the point and place of BEGINNING.

RUNNING THENCE from said point of beginning along other lands of George and Elizabeth Chamalian, North 15 degrees 12 minutes 40 seconds East, 600.48 feet to the Northwesterly corner of the premises herein described;

THENCE Southeasterly from said Northwesterly corner along other lands now or formerly of George and Elizabeth Chamalian, South 74 degrees 47 minutes 20 seconds East, 500.00 feet to the Northeasterly corner of the premises herein described;

THENCE from the last mentioned point in a Southwesterly direction along other lands of George and Elizabeth Chamalian, South 15 degrees 12 minutes 40 seconds West, 499.20 feet to the Northerly side of Croton Avenue;

THENCE running along the Northerly side of Croton Avenue, North 87 degrees 23 minutes West, 323.85 feet, North 83 degrees 48 minutes West, 178.03 feet and South 86 degrees 12 minutes West, 8.57 feet to the point and place of BEGINNING.

Premises known as 280 Croton Avenue, Cortlandt Manor, New York 10567