UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLISON LENDING LLC,

               Plaintiff,

-against-

CROTON DEVELOPMENT LLC and VASEL BALBONA,

               Defendants.

**ORDER**

24-CV-07956 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Allison Lending LLC ("Plaintiff") initiated this action on October 18, 2024, seeking to foreclose on a mortgage executed by Defendant Croton Development LLC and guaranteed by Defendant Vasel Balbona (together, "Defendants"). (Doc. 1). On June 18, 2025, the Court received notice that Defendant Vasel Balbona filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on May 29, 2025. (Doc. 34); *see Vasel Balbona*, 25-bk-22474 (Bankr. S.D.N.Y.). This action was thus automatically stayed pursuant to 11 U.S.C. § 362.

      On July 25, 2025, Plaintiff filed a status update concerning the bankruptcy proceeding. (Doc. 40). First, Plaintiff provides notice that Defendant Balbona's Chapter 13 case was dismissed on July 24, 2025, which lifts the automatic stay. (*Id.*). Second, Plaintiff represents that "the parties entered into a written Forbearance Agreement." (*Id.*) Plaintiff explains that, under this agreement, final payment is due on November 30, 2025, and Plaintiff "agreed to forbear from prosecuting this action so long as Defendants remain in compliance with the terms of the agreement." (*Id.*). Although Plaintiff requests that this action remain open during the term of the agreement (*id.*), Plaintiff fails to identify any prejudice it would suffer by the Court administratively closing this

case without prejudice to reopening. To that end, Plaintiff preserves its ability to proceed with foreclosure in the event of default.

Accordingly, it is hereby ORDERED that the Clerk of Court shall administratively close this case, without prejudice to either party moving by letter-motion to reopen the case by December 8, 2025.[1]

The Clerk of Court is respectfully directed to close this case without prejudice to re-opening as set forth herein.

SO ORDERED.

Dated: White Plains, New York
July 28, 2025

PHILIP M. HALPERN
United States District Judge

---

[1] See *Bernardino v. Barnes & Noble Booksellers, Inc.*, 763 F. App'x 101, 103 (2d Cir. 2019) (there is "no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which . . . was made for administrative or statistical convenience."); *Abreu v. Thomas*, No. 17-CV-01312, 2019 WL 11157245, at *1 (N.D.N.Y. July 19, 2019) ("Administrative closure is a docket management device which allows the removal of cases from the court's docket in appropriate situations . . . The effect of an administrative closure is the same as a stay" (internal citations and quotation marks omitted)).